IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CAPITAL RAIL CONSTRUCTORS,** a Joint Venture | * |
| | * |
| *Plaintiff*, | * |
| | *    Civil Action No. 16-cv-01345 (RWT) |
| v. | * |
| **WESTERN SURETY COMPANY** | * |
| | * |
| *Defendant*. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO AMENDED COMPLAINT

Defendant, Western Surety Company ("Western" or "Surety"), in answer to the Amended Complaint of the Plaintiff, Capital Rail Constructors, a Joint Venture ("CRC"), states:

1. Western is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Amended Complaint concerning the purposes for which CRC was formed. Portions of paragraph 1 of the Amended Complaint contain conclusions of law as to which no responses are required. To the extent that the Court deems responses to be required, Western denies those allegations. Western does not, however, dispute that jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332.

2. Western admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint contains a conclusion of law as to which no response is required. To the extent that the Court deems a response to be required, Western denies those allegations. Western does not, however, dispute that jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332.

4. Portions of paragraph 4 of the Amended Complaint contain conclusions of law as to which no responses are required. To the extent that the Court deems responses to be required, Western denies those allegations. Western admits, however, that the Subcontract contains language indicating that the Courts of Maryland shall have sole and exclusive jurisdiction.

5. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Amended Complaint.

6. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Amended Complaint.

7. Western admits that it provided Performance Bond No. 929597387 ("Performance Bond") in the penal sum of $21,645,000.00 with Midasco, as principal, and CRC, as obligee. The terms of the Performance Bond speak for themselves. Western is without knowledge or information sufficient to form a belief about the truth of the remaining averments in paragraph 7 of the Amended Complaint.

8. Western admits that portions of the Performance Bond are correctly quoted as set forth in paragraph 8 of the Amended Complaint. The terms and conditions of the Performance Bond are set forth in that document, and speak for themselves.

9. The terms and conditions of the Performance Bond are set forth in that document, and speak for themselves.

10. Western admits that it provided Payment Bond No. 929597387 ("Payment Bond") in the penal sum of $21,645,000.00 with Midasco, as principal, and CRC, as obligee. The terms of the Payment Bond speak for themselves. Western is without knowledge or information sufficient to form a belief about the truth of the remaining averments in paragraph 10 of the Amended Complaint.

11. Western admits that portions of the Payment Bond are correctly quoted as set forth in paragraph 11 of the Amended Complaint. The terms and conditions of the Payment Bond are set forth in that document, and speak for themselves.

12. Western admits that portions of the Payment Bond are correctly quoted as set forth in paragraph 12 of the Amended Complaint. The terms and conditions of the Payment Bond are set forth in that document, and speak for themselves.

13. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 13 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

14. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 14 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

15. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 15 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

16. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 16 of the Amended

Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

17. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 17 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

18. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 18 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

19. Western admits that portions of the Subcontract document attached to the Amended Complaint as an Exhibit are correctly quoted as set forth in paragraph 19 of the Amended Complaint. The Subcontract is a bilateral agreement between CRC and Midasco which imposes certain obligations on CRC as well as Midasco. Midasco's and Western's obligations to CRC, if any, are conditioned upon CRC's full performance of its obligations under the Subcontract.

20. Western admits, on information and belief, that at some time, CRC directed Midasco to proceed with work on the Project. Western denies the remaining allegations contained in paragraph 20 of the Amended Complaint.

21. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Amended Complaint.

22. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Amended Complaint.

23. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Amended Complaint.

24. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Amended Complaint.

25. Western admits, on information and belief, that on or about July 20, 2015, CRC provided a letter to Midasco purportedly pursuant to Section 10(a) of the Subcontract. The contents of the July 20, 2015 letter speak for themselves. Western is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 25 of the Amended Complaint.

26. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Amended Complaint.

27. Western admits that on October 28, 2015, CRC issued a purported Notice of Default to Midasco, which was also sent to Western. The contents of the October 28, 2015 letter speak for themselves. Western denies all of the remaining allegations contained in paragraph 27 of the Amended Complaint.

28. Western admits that on October 28, 2015, CRC issued a purported Notice of Default to Midasco, which was also sent to Western. The contents of the October 28, 2015 letter speak for themselves. Western denies all of the remaining allegations contained in paragraph 28 of the Amended Complaint.

29. Western admits that representatives from Midasco and the Surety met with CRC at the Project site. Western denies the remaining allegations contained in paragraph 29 of the Amended Complaint.

30. Western denies the allegations contained in paragraph 30 of the Amended Complaint. The terms of the Performance Bond speak for themselves.

31. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint.

32. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint.

33. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint.

34. Western admits that on February 8, 2016, Midasco issued correspondence tilted "Termination of Subcontract by Midasco Due to Material Breach by CRC." The contents of the February 8, 2016 letter speak for themselves. Western denies all of the remaining allegations contained in paragraph 34 of the Amended Complaint.

35. Western admits that on February 9, 2016, CRC issued a response titled "CRC Response to Midasco's February 8 Letter and 3-Day Cure Notice." The contents of the February 9, 2016 letter speak for themselves. Western denies all of the remaining allegations contained in paragraph 35 of the Amended Complaint.

36. Western admits that on February 12, 2016, CRC provided a "Notice of Default of Midasco, LLC" to Midasco and Western. The contents of the February 12, 2016 letter speak for themselves. Western denies all of the remaining allegations contained in paragraph 36 of the Amended Complaint.

37. Western is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Amended Complaint.

38. Western denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Western is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Amended Complaint regarding costs allegedly incurred by CRC. Western denies all of the remaining allegations contained in paragraph 39 of the Amended Complaint.

40. Western admits that it engaged a consultant to investigate some of the matters referred to in the Amended Complaint, and has, to date, not funded the costs associated with Midasco's alleged default. Western denies that it has refused to attend any regular meetings requested to address completion of Midasco's scope of work. Western admits that, pursuant to the express terms of the Performance Bond, it has no obligation to fund any of CRC's ongoing costs. Western admits that CRC has an obligation to properly document costs and mitigate any damages it may claim against Western. Western denies all of the remaining allegations contained in paragraph 40 of the Amended Complaint.

**Count I**
**(Declaratory Judgment on Performance Bond – 28 U.S.C. § 2201)**

41. Western incorporates herein its responses to paragraphs 1 through 40 of the Amended Complaint, as if fully set forth.

42. Western denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Western denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Western denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Western denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Western denies the allegations contained in paragraph 46 of the Amended Complaint.

## Count II
### (Declaratory Judgment on Payment Bond – 28 U.S.C. § 2201)

47. Western incorporates herein its responses to paragraphs 1 through 46 of the Amended Complaint, as if fully set forth.

48. Western denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Western denies the allegations contained in paragraph 49 of the Amended Complaint.

50. Western denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Western denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Western denies the allegations contained in paragraph 52 of the Amended Complaint.

## Count III
### (Breach of Performance Bond)

53. Western incorporates herein its responses to paragraphs 1 through 52 of the Amended Complaint, as if fully set forth.

54. Western denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Western denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Western admits that it received several notices from CRC, alleging, among other things, that Midasco was in default of its obligations under the Subcontract. The contents of those documents speak for themselves. Western denies the remaining allegations set forth in paragraph 56 of the Amended Complaint.

57. Western denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Western denies the allegations contained in paragraph 58 of the Amended Complaint.

59. Western denies the allegations contained in paragraph 59 of the Amended Complaint.

**Count IV**
**(Breach of Payment Bond)**

60. Western incorporates herein its responses to paragraphs 1 through 59 of the Amended Complaint, as if fully set forth.

61. Western denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Western denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Western denies the allegations contained in paragraph 63 of the Amended Complaint.

64. Western denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Western denies the allegations contained in paragraph 65 of the Amended Complaint.

66. Western denies the allegations contained in paragraph 66 of the Amended Complaint.

67. Western denies the allegations contained in paragraph 67 of the Amended Complaint.

68. Western denies the allegations contained in paragraph 68 of the Amended Complaint.

69. With respect to paragraphs 1 through 68 of the Amended Complaint, Western denies each and every allegations of fact or conclusion of law not specifically admitted herein.

### First Defense

The Amended Complaint fails to state a claim against Western upon which relief may be granted.

### Second Defense

Western reserves the right to assert, and shall assert, any and all defenses available to Midasco, Western's bond principal.

### Third Defense

CRC failed to mitigate its alleged damages.

### Fourth Defense

CRC's claims are barred and/or reduced, in whole or in part, by the doctrines of set-off and/or recoupment.

### Fifth Defense

On information and belief, CRC breached or failed to comply with all of the terms and conditions of its contractual relationships on the Project.  Without limiting the generality of the foregoing, CRC breached the terms of the Subcontract thereby relieving Midasco of any duty of performance, and relieving Western of liability under the Performance Bond.

### Sixth Defense

CRC failed to comply with and/or satisfy all conditions precedent to establishing a right to recovery under the Performance Bond and/or Payment Bond.  Further, CRC is not a proper claimant under the Payment Bond.

### Seventh Defense

On information and belief, some or all of CRC's claims are barred by the doctrine of estoppel.

### Eighth Defense

On information and belief, some or all of CRC's claims are barred by waiver and/or release.

### Ninth Defense

On information and belief, some or all of CRC's claims are barred by the doctrines of accord and satisfaction and/or payment.

### Tenth Defense

On information and belief, CRC's claims are barred by the applicable statute of limitations.

### Eleventh Defense

On information and belief, CRC has released some or all of the claims set forth in the Amended Complaint.

**Twelfth Defense**

Western reserves the right to assert new, additional, or different factual, negative or affirmative defenses as they are disclosed through the process of discovery.

/s/ Patrick J. Madigan
Patrick J. Madigan, Bar No. 27312
Pike & Gilliss, LLC
9475 Deereco Road, Suite 300
Timonium, MD 21093
(443) 761-6500
(443) 761-6519 (fax)
pmadigan@pikegilliss.com
*Attorneys for Western Surety Company*
